UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRITTANY FOLCHI and ANTONIO AKINS on behalf of themselves and on behalf of all similarly situated persons, | :: :: :: :: | |
| | :: | Case No. 1-15cv107 |
| Plaintiffs, | :: :: | Judge Timothy S. Black |
| vs. | :: :: | |
| AUTOVEST, LLC. | :: :: | |
| Defendant. | :: | |

### ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO CLASS (DOC. 22)

This matter came before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement, Approving Notice, and Scheduling Final Approval Hearing, filed September 24, 2015 (Doc. 22, "Joint Motion"). A hearing was held on October 6, 2015. Counsel for Defendant Autovest, LLC filed with the Court a Notice of Compliance with 28 U.S.C. §1715 in advance of the hearing (Doc. 23). No party opposes the relief now sought.

Based on the written submissions and evidence presented in connection with the Motion, the Court makes the following findings and determinations only for purposes of considering the class action settlement currently before the Court:

**IT IS HEREBY DETERMINED AND ORDERED THAT**:

1. The settlement proposed in the Class Action Settlement Agreement (the "Agreement"), a copy of which is attached to the Joint Motion, is within the range of possible

settlements suitable for final approval as fair, just, equitable, reasonable, adequate, and in the best interests of the Class. It was negotiated at arm's length.

2. The Agreement and the terms of the settlement are hereby preliminarily approved as fair, reasonable, adequate, proper, and in the best interests of the Class. A summary of the essential terms are as follows:

   a. Autovest, LLC ("Autovest") will pay $500 to each of the 17 Class members who do not have judgments against them and $100 to each of the 134 Class members who do have judgments against them, for a total of $21,900;

   b. Autovest will pay $2,000 to each Named Plaintiff for his or her efforts on behalf of the Class, for a total of $4,000;

   c. Autovest will waive the outstanding balances of the 17 Class members against whom no judgment has been taken, for a total waiver of $296,903.13;

   d. Autovest will dismiss any collections actions pending against the 17 Class members against whom no judgment has been taken;

   e. Autovest will waive the outstanding balances of the Named Plaintiffs, for a total waiver of $30,749.51;

   f. Autovest will dismiss the collections action against Named Plaintiff Antonio Akins; and

   g. Autovest will pay the costs and expenses of this action, including the cost of notice and administration, and will not contest Class Counsel's request for attorneys' fees and costs up to $40,000.

3. The proposed settlement is sufficient to justify giving notice of the settlement to

2

the Class.

4.     The Court hereby conditionally certifies the following Class solely for the purposes of settlement: all persons who were sued by Autovest in Ohio between February 12, 2013 and August 31, 2015 on a retail installment sales contract ("Contract(s)") more than 4 years after the date of the last voluntary payment made by a party obligated under the Contracts and where:

    a. the Contract was secured by a lien on a motor vehicle;

    b. the Contract was assigned to Wells Fargo Bank, N.A. ("Wells Fargo") or its predecessors; and

    c. Wells Fargo assigned the Contract to Autovest.

Excluded from this definition are individuals who filed for bankruptcy and whose debts under the Contracts were discharged, and who already settled any such claims with Autovest.

5.     Within the Class, the Court conditionally certifies two subclasses, again solely for the purposes of settlement: a "Judgment Subclass" and a "Non-Judgment Subclass." The Judgment Subclass is comprised of persons against whom Autovest obtained a judgment. The "Non-Judgment Subclass" is comprised of persons against whom no judgment was taken. According to Autovest's books and records, it believes there are 134 members in the Judgment Subclass and it believes there are 17 members in the Non-Judgment Subclass.

6.     In connection with this conditional certification, the Court makes the preliminary findings:

    (a) The Class appears to be so numerous that joinder of all members is

       impracticable;

   (b) There appear to be questions of law or fact common to the Class for purposes of determining whether settlement should be approved;

   (c) The Named Plaintiffs' claims appear to be typical of the claims being resolved through the settlement;

   (d) The Named Plaintiffs do not have interests that are antagonistic to the Class and thus appear to be capable of fairly and adequately protecting the interests of all member of the Class in connection with the settlement;

   (e) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Class. Accordingly, the Class appears to be sufficiently cohesive to warrant settlement by representation; and

   (f) For purposes of the settlement, certification of the Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Class.

7.    The Named Plaintiffs, Brittany Folchi and Antonio Akins, are conditionally appointed as the representatives of the Class.

8.    Counsel to the Named Plaintiffs, Steven C. Shane and Stephen R. Felson, are conditionally appointed as Class Counsel.

9.    The terms of the settlement set forth in the Agreement are hereby approved on a preliminary basis.

10.    In the event that (1) the Agreement is terminated pursuant to its terms or the Effective Date does not occur; (2) the Agreement is not finally approved in all material respects

4

by the Court; or (3) the Agreement, Preliminary Approval Order, Final Approval Order and/or Judgment are reversed, vacated, or modified in any material respect by this or any other Court, then (a) all orders entered pursuant to the Agreement shall be vacated, including, without limitation, all other relevant portions of this Order; (b) the instant action shall proceed as though an Agreement had never been reached; and (c) no reference to the Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Agreement agree to jointly appeal an adverse ruling and the Agreement, Preliminary Approval Order, Final Approval Order and/or Judgment are upheld on appeal in all material respects, then the Agreement, Preliminary Approval Order, Final Approval Order and/or Judgment shall be given full force and effect. In the event of (1), (2), or (3) in this Paragraph, all Parties reserve all of their rights existing prior to the execution.

11. A hearing on the fairness and reasonableness of the Agreement and to determine whether final approval shall be given to it and on the request for attorneys' fees and costs by Class Counsel will be held before this Court on **January 20, 2016 at 10:00 a.m.** (the "Final Approval Hearing"). If Class Counsel are to file a stipulation and/or petition for attorneys' fees and costs, they must do so at least five (5) business days prior to the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the Class Members.

12. The Court approves the attached form of notice to the Class (the "Class Notice") and approves the method of notice as adequate to inform the Class Members of the Action and as compliant with due process. As soon as practicable after receiving preliminary Court approval of the Agreement and no later than fourteen (14) days following the entry of this Order granting

preliminary approval, the Settlement Administrator will mail the Class Notice to each potential member of the Class via first class United States Mail, postage prepaid, at his or her last known address as found in Autovest's files. The Parties may make changes to the Class Notice form prior thereto only with the Court's approval. All expenses of such notice shall be paid by Autovest as set forth in the Agreement.

13. The Class Notice constitutes the best notice practicable under the circumstances, is reasonably calculated to communicate actual notice of the Action and proposed settlement to the Class Members, and is due and sufficient notice to all persons entitled to notice of the settlement of this Action.

14. Class Members have until **December 31, 2015** to opt out of the Class, meaning that any and all requests for exclusion must be postmarked on or before this date. All persons in the Class who properly file a timely written request for exclusion shall be excluded from the Class (*i.e.*, "opt out" of the Class), and shall have no rights under the Agreement and no right to object to the Agreement. A request for exclusion must be in writing and must: (a) be signed by the potential Class Member seeking exclusion; (b) include the full name and address of the potential Class Member requesting exclusion; (c) be timely postmarked and mailed to the address designated in the Class Notice; and (d) make clear that the potential Class Member wants to be excluded from the Class. No request for exclusion will be valid unless all of the information described above is included and it is postmarked timely.

15. Class Members have until **December 31, 2015** to object to the proposed Agreement, meaning that any and all objections to the settlement must be postmarked to the Clerk of this Court and Class Counsel and Defendant's Counsel on or before that date. Any

Class Member who does not opt-out may object to the Agreement by filing with the Court a written notice of objection that includes: proof that the objector is a Class Member as defined in the Agreement and a statement of each objection being made. Any Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing, to present any evidence or argument that may be proper and relevant. If an objector wishes to be heard at the Final Approval Hearing, the objector must also provide a list of witnesses (including each witness' mailing address and daytime telephone numbers) who may be called to testify at the Final Approval Hearing, either live or by deposition or by affidavit, if any; and a list of exhibits, along with copies of those exhibits, that the objector may offer during the Final Approval Hearing, if any. Class Counsel and/or Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than five (5) business days prior to the Final Approval Hearing. The manner in which an objection should be prepared, filed and delivered shall be stated in the Notice. Only Class Members who have filed and delivered valid and timely written objections will be entitled to be heard at the Final Approval Hearing, unless the Court orders otherwise. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action.

16. Subject to final approval of the proposed settlement and Agreement, and subject to the Parties giving the notice required by this Order, the Court approves the provisions of the Agreement making the settlement and its release of claims binding on all Class Members, whether or not they actually received notice of the Action or its settlement.

17. In aid of the Court's jurisdiction to implement and enforce the proposed

settlement, the Named Plaintiffs and all Class Members shall be preliminarily enjoined and barred from commencing or prosecuting any claim or action inconsistent with the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Nothing in this Paragraph shall be construed to prevent a Class Member from presenting objections to the Court regarding the Agreement in accordance with Paragraph 14 of this Order.

18. All papers in support of or in opposition to the Agreement shall be filed and served in accordance with the following schedule: (a) any objections by Class Members and any papers in opposition to the Agreement shall be filed with the Court and served as provided above on or before **December 31, 2015**; and (b) all papers in support of the Agreement, including responses to objections, shall be filed with the Court and served on or before **January 12, 2016**. There shall be no replies.

DATED: 10/6/15

Timothy S. Black
United States District Judge